### SESSLER et al. v. BORCHARDT.

(Circuit Court, S. D. New York. May 1, 1896.)

PATENTS—INFRINGEMENT—SLIPPER SOLES.

    The Sessler patent, No. 525,746, for an insole for slippers, made of leather, paper, and wool, used as an outsole for knit slippers by turning the thickness of leather over the thickness of paper, and uniting it to the braid to which the knit upper is to be attached, is not, in view of prior devices, infringed by the slipper of the Borchardt patent, No. 539,337, which has a cord running under stitches in the turned-over edge of the leather, for attachment to the knit upper by stitches under it.

This was a suit in equity by Arnold Sessler and Arnold Sessler & Co. against Samuel Borchardt for infringement of the Sessler patent, No. 525,746, for an "improvement in insoles for slippers, etc." The alleged infringing slipper was made according to letters patent No. 539,337. issued May 14, 1895, to the defendant.

Daniel H. Driscoll, for plaintiffs.

J. J. Kennedy and Phillipp, Munson & Phelps, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 525,746, dated September 11, 1894, and granted to Arnold Sessler, for an insole for slippers, used as an outsole for knit slippers, and made of leather, paper, and wool, "by turning the thickness of leather at its edge over the thickness of paper, and uniting to the turned-over portion of the leather the braid to which the knitted portion of the slipper is to be attached; the paper portion of the insole serving, as in the prior insoles, to carry the lamb's wool." The claims in question are for:

"(1) The combination, in an insole, of a thickness of leather, a thickness of another material, as paper, and a tape; said thickness of leather being turned over the thickness of paper, and the tape being attached to said inturned portion of leather,—substantially as set forth. (3) The combination, with a slipper upper, of an insole provided with a thickness of leather having a turned-over edge, a tape attached to said overturned edge, said knitted upper being attached to the tape, substantially as set forth."

The alleged infringement has a cord running under stitches on the turned-over edge of the leather, for attachment to the knit upper by stitches under it. The defenses are prior patents and structures. The tape answers the purpose here of the welt in a hand-sewed shoe, which is first sewed to the upper, and then to the flat, thick outsole of the shoe, instead of to the turned-over edge of the flexible outsole of the slipper, as the tape is. A prior patent shows such a turned-over, flexible outsole, with an upper sewed to it, in a bathing slipper; and prior scuffs show such a one with a straw welt sewed to it, and a straw upper sewed to that. So a turned-over sole was not new. Neither was connecting such a sole by a welt to the upper new, and the tape is the same as a welt. In the scuffs seems to be the precise combination of the third claim. These soles are, however, sold without the uppers; and these scuffs are said, as exhibited whole, in argument, not to show these separate soles of the first claim. But the construction of the soles and welt is as well shown with the uppers attached as without them. If this would not be an anticipation, the defendant's sole would not seem to be an infringement. Bill dismissed.